IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **TOMAS A. QUINTANA-GARCIA,**<br>　　Petitioner,<br><br>　　　　v.<br><br>**UNITED STATES OF AMERICA,**<br>　　Respondent. | *<br>*<br>*<br>*<br>*<br>*　**CIVIL NO. 08-2163(DRD)**<br>*　**RELATED CRIM. 05-039(DRD)**<br>*<br>*<br>* |

## **OPINION & ORDER**

Before the Court is Petitioner's 28 U.S.C. Sec. 2255 Habeas Corpus Petition (D.E. #1)[1]. Respondent filed a Response to the Petition (D.E. #3). Petitioner filed a Reply to Respondent's Response (D.E. #4). For the reasons discussed below, the Court finds the Petition shall be DENIED.

**I. BACKGROUND**

On January 22, 2005, Petitioner, Tomas A. Quintana-Garcia,(hereinafter "Petitioner" or "Quintana-Garcia") was arrested along with two (2) other co-defendants and subsequently charged in a Criminal Complaint with knowingly and unlawfully agree, conspire and confederate to import into the United States through the District of Puerto Rico and to posses with the intent to distribute in the United States, approximately four point forty seven kilograms (gross weight) of heroin, a Schedule I, Narcotic Drug Controlled Substance in violation of Title 21, United States Code, Sections 863,

---

[1] D.E. is an abbreviation of docket entry number.

Civil No. 08-2163(DRD) Page 2

952(a), 846 and 841(a)(1)(Crim. D.E. 1)[2].

On January 24, 2005, Petitioner was ordered temporarily detained by a Magistrate Judge Velez-Rive(Crim. D.E. 5). On January 26, 2005, the Court held a Preliminary Hearing and Bail Hearing as to Petitioner and his co-defendants. Quintana-Garcia, waived his right to the Preliminary Hearing and after the Bail Hearing the Court ordered him detained without bail pending trial (Crim. D.E. 12 and 17).

On February 10, 2005, Petitioner along with two (2) other co-defendants was indicted in a two (2) count Indictment by a Federal Grand Jury. Count One (1) of the Indictment charged Quintana-Garcia, along with his co-defendants, with knowingly and intentionally combined, conspired, and agreed with each other and with other persons known and unknown, to commit the following offense against the United States: to import into the United States, that is, San Juan, Puerto Rico, from a place outside thereof, that is Aruba, Netherlands Antilles, one (1) kilogram or more of a mixture or substance containing heroin, a Schedule I Narcotic Drug Controlled Substance, all in violation of Title 21, United States Code, Section 952(a) and 963. (Crim. D.E. 19).

Count Two (2) of the Indictment charged Quintana-Garcia, along with the same two (2) co-defendants, with knowingly and intentionally combined, conspired, and agreed with each other and with other persons known and unknown, to commit the following offense against the United States: to possess with intent to distribute one (1)

---

[2]Crim. D.E. is an abbreviation for criminal docket entry.

Civil No. 08-2163(DRD)                                                                    Page 3

kilogram or more of a mixture or substance containing heroin, a Schedule I Narcotic Drug Controlled Substance, all in violation of Title 21, United States Code, Section 841(a)(1) and 846. (Crim. D.E. 19).

On February 17, 2005, Petitioner was arraigned on the charged Indictment and was order to remain detained without bail pending trial (Crim. D.E. 24). On June 13, 2005, Quintana-Garcia through his counsel filed a petition to enter a plea of guilty (Crim. D.E. 43). On July 28, 2005, Quintana-Garcia filed a second petition for change of plea[3](Crim. D.E. 58). On July 28, 2005 , a Plea Agreement between the Government and Quintana-Garcia was filed with the Court (Crim. D.E. 59). On July 28, 2005, the Change of Plea Hearing was held and the Court accepted Petitioner's plea of guilty as to both counts of the Indictment (Crim. D.E. 60).

On October 21, 2005, the Pre-Sentence Report for Quintana-Garcia was filed (Crim. D.E. 73). On October 28, Petitioner through his counsel filed Objections to the Pre Sentence Report (Crim. D.E. 79). On October 31, 2005, 2005, the Court held Quintana- Garcia's sentencing hearing (Crim. D.E. 80). Petitioner was sentenced to a term of imprisonment of one hundred and twenty (120) months as to each of counts one (1) and two(2) to be served concurrently with each other. A term of Supervised Release of five (5) years as to each of counts one (1) and (2) to be served concurrently with each other; as

---

[3]The second petition was filed because Petitioner was represented by a new attorney. Quintana-Garica's CJA appointed counsel passed away suddenly and the Court then appointed the Federal Public Defender to represent Quintana-Garcia.

Civil No. 08-2163(DRD)                                                    Page 4

well as a Special Monetary Assessment of two hundred dollars ($200.00) for both counts of conviction[4] (Crim. D.E. 81).

On November 8, 2005, Quintana-Garcia filed a timely Notice of Appeal (Crim. D.E. 85). On April 7, 2007, the First Circuit Court of Appeals issued its Mandate affirming Petitioner's conviction and sentence (Appeal No. 05-2815, docket 85). On July 14, 2007, Quintana-Garcia filed a Petition for Writ of Certiorari with the Supreme Court of the United States (Supreme Court case num. 06-11860). On October 9, 2007, the United States Supreme Court entered its order denying Quintana-Garcia's Petition for Writ of Certiorari (06-11860). On October 19, 2008, Petitioner timely filed his Petition to Vacate, Set Aside or Correct the Court's sentence pursuant to 28 U.S.C. Sec. 2255(D.E. 1). The Government responded on July 13, 2009, (D.E. 3); on September 14, 2009, Petitioner filed a Reply to the Government's Response (D.E. 4) and the matter was then ready for disposition.

**II. DISCUSSION**

In his Petition under 28, U.S.C. Sec. 2255, Petitioner alleges that his counsel was ineffective and centers this argument on the Court's denial of a reduction in his sentence due to a non compliance with a safety valve debriefing. Specifically the Court found that Petitioner had not complied with requirement number five (5) of the

---

[4]The record reflects that the Sentencing Hearing was thorough, because the Court allowed both sides to provide extensive proffers on the issue of safety valve compliance leaving no doubt in the Court's mind as to Petitioner's failure. See Sentencing Hearing Transcript of October 31, 2005.

Civil No. 08-2163(DRD)                                                  Page 5

safety valve[5]. Petitioner blames his counsel for his failure to provide complete and truthful information at his safety valve interview[6]. Quintana-Garcia alleges that his counsel was ineffective because (a) he failed to inform him of the importance of providing complete and truthful information at a safety valve interview; (b) his counsel was ineffective for not meeting with him after the safety valve interview and trying to amend the mistakes Quintana-Garcia made (c) his counsel was ineffective for not requesting an evidentiary hearing to determine if in fact Petitioner had or hadn't complied with the requirements of a safety valve interview.

---

[5] (5)    no later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.  U.S.S.G Sec. 5C1.2(a)(1)-(5); United States v. De Los Santos, 420 F.3d 10 Fn.2 (1st Cir. 2005).

[6] Full disclosure is the price that Congress has attached to relief under the safety valve statute. United States v. Montañez, 82 F3d. 520, 523 (1st Cir. 1996).  The defendant bears the burden of showing that he has made full disclosure and thus, that he is entitled to the benefit of the safety valve. United States v. Richardson, 225 F.3d 46, 53 (1st Cir. 2000), cert. denied, 531 U.S. 1203 (2001).  This burden includes the obligation of proving to the court that he has provided truthful and complete information. United States v. Marquez, 280 F. 3d 19, 23 (1st Cir. 2002). See also U.S. v. Matos, 328 F. 3d 34, 39 (1st Cir. 2003) (". . .a safety valve debriefing is a situation that cries out for straight talk; equivocations, half-truth and recited allusions will not do.")

Civil No. 08-2163(DRD)                                                  Page 6

Quintana-Garcia's argument lack merit, are contravened by the record and are nothing more than an attempt to collaterally attack what has already been reviewed and resolved by the First Circuit Court of Appeals. Petitioner's motion under Section 2255 amount to a second bite at the apple and as such is hereby denied.

**Previously Settled Claims**

The Supreme Court of the United States has clearly established that "claims raised in the Section 2255 motion were decided on direct appeal and may not be re-litigated under a different label on collateral review." <u>United States</u> v. <u>Frady</u>, 456 U.S. 152, 167 (1982). This is precisely what Petitioner has done in his section 2255 filing.

During the Sentencing Hearing the Court determined that Quintana-Garcia failed to meet his burden under the fifth criteria of the safety valve. The Court allowed for extensive proffers and arguments and in fact addressed itself directly to the Petitioner in order to allow him one last chance to comply and all to no avail[7].

---

[7]  The Court: Sir, are you aware that the Court has just foreclosed the opportunity of a safety valve for you, for your benefit because you did not state everything you knew about the drug transaction on January 23rd? Are you aware that you have been just handed - - you're about to be handed some 47 some extra months because you did not state to the Court, nor to the United States, what you knew about the January 23rd transaction, the one that is called the dry run?
Mr. Valcarcel: My client right now, I don't think he's in a state to respond. The only issue that I would - -
The Court: But this is critical. We have had this Defendant here and he doesn't know what a safety valve is and he doesn't know when his last chance was. I asked him the question, I just asked him a question straight,

Civil No. 08-2163(DRD)                                              Page 7

The Court made a factual determination that Quintana-Garcia had not been completely truthful and therefore did not qualify for the safety valve reduction in sentence[8].(See Sentencing Hearing Transcript October 31, 2005).  The guidelines do not require a sentencing judge to play the ostrich, burying his head in the sand, struthiously accepting every allocution at face value, and ignoring the stark reality of events.  United States v. Marquez, 280 F.3d 19, 25 (1st Cir. 2002); United States v. Royer, 895 F.2d 28 (1st Cir. 1990).

It was precisely this determination by the Court which the Petitioner appealed to the First Circuit Court.  On direct appeal the First Circuit Court ruled that:

---

> blunt, right to him.  You know, I think I hit the bull's eye because he, because he made an allocution.  He excused himself.  He says he wants to get to his wife and daughter, and I am asking him, do you understand that by you not providing what I understand is the entire truth about the prior dry run transaction, you are about to get 47 more months?  And you're telling me that he doesn't understand what I'm telling him?
> Mr. Valcarcel: I guess he understands, As the Court mentions, if he were to say the same thing now, it's not going to make a difference.  I am not going to put words in his mouth, he can answer.
> The Defendant: What I informed the agents is the strict truth, I described the persons as I saw them.  The certainty of their names, I did not know.  I just knew their nicknames, how they called them.  And I repeat, the phrase that I told the agents, with all due respect, if I would have known any other information as to their names, where they lived, where you can locate them, I would have told them. (Sentencing Hearing Transcript, October 31, 2005, pages 58-59).

[8] A sentencing court may reject a safety valve proffer based on its reasoned assessment of the defendant's credibility in light of the facts and that the court may do so without the benefit of independent rebuttal evidence.  United States v. Miranda Santiago, 96 F.3d 517 (1st Cir. 1996).

Civil No. 08-2163(DRD)                                                   Page 8

>...The court had before it two affidavits, those of Salazar and of Pumerol, that were consistent with one another in every significant way, and the court had been able to evaluate the credibility of those two individuals during their own sentencing hearings. The court also had before it a defendant who claimed that he could not provide any detailed descriptions of his two suppliers, even though he had met with both individuals on three or four separate occasions. That same defendant claimed that, while he suspected drugs were being transported during his first trip, he did not bother to ask anyone if his suspicions were true, a claim which the sentencing court was free to doubt. United States v. Quintana-Garcia, Appeal No. 05-2815 (1st Cir. 2007).

Petitioner also raised the issue on appeal that he was not given an evidentiary hearing in order to be allowed to determine if in fact he had complied with the safety valve interview or not. On appeal the First Circuit Court determined that: "It was not an abuse of discretion for the court to determine that the information before it was sufficient to allow it to make a determination on the safety valve issue without a full-blown evidentiary hearing." Quintana-Garcia, Id.

Petitioner is now attempting to renew challenges previously raised and settled on direct appeal. These claims are foreclosed on collateral review. Claims which were previously settled on direct appeal, cannot be revisited through collateral proceedings. Withrow v. Williams, 507 U.S. 680 (1993).

Civil No. 08-2163(DRD)                                          Page 9

The First Circuit has been very consistent in establishing that claims raised on appeal cannot be brought once again to the attention of the court through a back door. "Claims raised in the section 2255 motion were decided on direct appeal and may not be re-litigated under a different label on collateral review." United States v. Michad, 901 F2d 5 (1st Cir. 1990)[9]. The First Circuit Court, following the holding of the United States Supreme Court, has gone on to establish that a defendant is not entitled on collateral review to re-litigate issues raised on direct appeal, absent an intervening change in the law. Davis v. United States, 417 U.S. 333 (1974); Singleton v. United States, 26 F3d 233 (1st Cir. 1993). Such is not the case of Quintana-Garcia.

It is crystal clear that Quintana-Garcia in his Section 2255 petition is doing nothing more than trying to re litigate what has already been adjudicate, the Court can not accept such rehashing. Petitioner has but himself to blame for missing the opportunity to qualify for a safety valve reduction in sentence. Petitioner made his choice now he must learn to live with it. To say more on the matter would be pleonastic.

Having established that all claims raised in Petitioner's 2255 motion are a mere re-hashing of what was already ruled upon by the First Circuit Court of Appeals the same are hereby DENIED.

**III. CONCLUSION**

For the reasons stated, the Court concludes that Petitioner

---

[9] See also Tracey v. United States, 739 F2d. 679 (1st Cir. 1984), cert. denied, 469 U.S. 1109; Robson v. United States, 526 F.2d 1145 (1st Cir. 1975).

Civil No. 08-2163(DRD)                                          Page 10

**TOMAS QUINTANA-GARCIA**, is not entitled to federal habeas relief on the claim presented.  Accordingly, it is ordered that petitioner **TOMAS QUINTANA-GARCIA's** request for habeas relief under 28 U.S.C. Sec. 2255 (D.E.#1) is **DENIED,** and his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE.**

   **IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 31st day of March 2010.

                                              s/ Daniel R. Domínguez
                                              **DANIEL R. DOMINGUEZ**
                                              **UNITED STATES DISTRICT JUDGE**